IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eric E. Smith, | Case No. 4:08 CV 2010 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, | |
| Respondent. | |

*Pro se* Petitioner Eric Smith filed this request for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. §2241. Smith, who is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton), seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) after his successful completion of a Residential Drug Abuse Program (RDAP). Respondent filed a Motion to Dismiss (Doc. No. 4) pursuant to Federal Rule 12(b)(6) on September 30, 2008. Smith filed a Brief in Opposition (Doc. No. 5) on October 16, 2008. For the reasons stated below, Respondent's Motion is granted.

## BACKGROUND

Smith received a two-point enhancement on his prison sentence because his underlying crime involved the use of a firearm. As a result, the drug abuse coordinator at FCI Elkton, Dr. Ward, advised Smith he could enroll in the RDAP but would be ineligible for a sentence reduction. Dr. Ward explained that BOP policy rendered prisoners with a firearm enhancement categorically

ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Smith challenges the BOP's "policy in issuing a sweeping exclusion of relief" (Doc. No. 1, p. 2).

## ANALYSIS

Petitioner now seeks habeas relief on the ground that "[c]ourts in this jurisdiction are already uniformly allowing reliefs [sic] under 18 U.S.C. § 3621(e), of early releases for prisoners who sustained 2 points for alleged possession of a firearm in their case" (Doc. No. 1, p. 3). He cites *Todd v. Scibana*, 70 F. Supp. 2d 779 (E.D. Mich. 1999) and *Hobbs v. Hemingway*, No. 04-CV-70678-DT, 2004 U.S. Dist. LEXIS 29158 (E.D. Mich. July 16, 2004) to support that claim. He maintains that the courts have rendered BOP P.S. 5162.04 "invalid."

Based on Petitioner's interpretation of these opinions, he seeks an order directing the BOP to reconsider its decision denying him eligibility for early release. He believes the only criterion that should be considered with regard to his early release is whether he successfully completes the RDAP.

## 28 U.S.C. § 2241

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Where, as here, Petitioner's custodian is located within the Northern District of Ohio, this Court has personal and subject matter jurisdiction over his challenge to the BOP's determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

2

**REDUCTION OF SENTENCE**

The BOP may, in its discretion, reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2)(B). The statute provides:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve (emphasis added).

The BOP's program statement denies an inmate "the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S. 5162.04, "Categorization of Offenses." 28 C.F.R. § 550.58 serves as a guide for the implementation of the early release program, and states in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (vi) Inmates whose current offense is a felony:
>
> * * *
>
> (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R. § 550.58(a)(1)(vi)(B).

Current case law in this District does not support Smith's contentions. The Sixth Circuit overruled *Todd* and held that, at the time the case was decided, "the district court did not have the benefit of a recent Supreme Court decision, which held that the Bureau of Prisons may categorically exclude prisoners from a § 3621(e)(2)(B) sentence reduction based on their preconviction conduct. *Lopez v. Davis*, 531 U.S. 230, 244, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001)." *Todd v. Scibana*, No.

3

99-2182, 2001 WL 1136075, at * 1 (6th Cir. Sept. 19, 2001). The Sixth Circuit reasoned that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id*. (citations omitted).

Also, *Hobbs* is no longer good law given more recent rulings. *See Sizemore v. Marberry*, No. 04-CV-72282-DT, 2005 WL 1684132, at *1-4 (E.D. Mich. July 14, 2005) (considering more recent case law and different arguments than those set forth in *Hobbs*).

## CONCLUSION

Based on the foregoing, Respondent's Motion to Dismiss is granted and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 28, 2008